WILLIAM J. SCOTT, v. THE TOWN OF NOBLE.

(Filed February 15, 1907.)

VACATING PLAT—Rights of Land Owners. The statutes of this territory do not authorize one owner of a small portion of the plat of an incorporated town to have such part of the plat vacated upon his individual petition to the district court, there being other owners of lots in the plat not parties to the proceeding.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before Clinton F. Irwin, Trial Judge.*

*John Franing* and *C. L. Botsford,* for plaintiff in error.

*Newell & Jackson,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Scott, brought an action in the district court of Cleveland county against the town of Noble, to have a portion of the townsite of Noble vacated. He alleged that he was the owner of certain lots and blocks in a portion of the recorded plats of the town of Noble, and that he had been in possession of the portion of the town embracing said lots and had the same fenced and occupied it as a home for his family for fourteen years. That there were no opened streets or alleys through his tract of land, and that there was no public necessity for the same. The court sustained a demurrer to the petition and rendered judgment dismissing the cause at plaintiff's costs. He appeals from that judgment.

The question presented is whether the statute of this territory makes any provision for the vacation of a part of a townsite by the owner of the part sought to be vacated. The statute, sections 95 to 99 inclusive, article 3, chap. 13, Wilson's statutes, embraces all the law on the subject. By the provisions of sec. 95, the district courts are given jurisdiction to vacate towns under certain condition. Sec. 95 authorizes the proprietor or proprietors of a town to have the plat or any part thereof vacated by bringing their proceedings in the district court, giving the required notice and making proper proof. This secton does not give an individual owner of a part of a plat this right. The applcation must be made by the proprietor of a townsite, if one person owns it all, and if there is more than one proprietor, then all such proprietors must join in the petition, and they may have the whole town plat vacated, or they may have a portion

only vacated. Section 98 authorizes the owners of a platted townsite, platted addition to a town or a subdivision of a plat, where no lots have been sold, to vacate the same by a writing executed in the manner provided by law. If any lots embraced in the plat have been sold, then the owners of the townsite or addition and all the owners of lots, by joining in the execution of a writing, may vacate such town, addition or subdivision. Section 99 is as follows:

"Any part of a plat may be vacated under the provisions and subject to the conditons of this chapter: Provded, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided further, that nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law."

This is the only section that it can be reasonably claimed gives the plaintiff any standing in this case. What are the provisions and conditions of this chapter under which any part of a plat may be vacated? All the various provisions of the act must be construed together so as to give each force and make it effective for some purpose, if the same can be done without doing violence to the language used. Section 96 makes provisions for the proprietor or proprietors, by joining in a petition to the district court, having a part of a plat vacated. Provision having been made for vacating a portion of a plat by the procedure prescribed in section 96, it would be unreasonable and contrary to the rules of interpretation to hold that the provisions of section 99 refer to the method or procedure already provided for accomplishing the same result. By section 98 provision is made for vacating a whole plat, a whole addition or a whole sub-

division by the owners all joining in a writing declaring such purpose and recording the same. But no provision is made in this section for vacating a part of a plat. By the terms of section 99, any part of a plat may be vacated under the provisions and subject to the conditions set forth in the chapter relating to such subject. Hence it must be held that the only method prescribed by this chapter for vacating a part of a plat is under section 96, by petition to the district court where all the owners of property embraced in the plat join in the petition. Or, under section 99, where all the owners of lots embraced in the plat join in executing the writing by which they declare the plat vacated. There is no provision in the statute authorizing one owner of a part of a town to have the same declared vacant on his individual petition.

The petition in this cause fails to allege that the plaintiff is the owner or proprietor of all the lots embraced in the town he seeks to have vacated, and hence the demurrer was properly sustained.

The judgment is affirmed at the costs of plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.