## CLARK v. RAIN.

No. 5722. Opinion Filed September 14, 1915.

Rehearing Denied September 28, 1915.

(151 Pac. 692.)

**MUNICIPAL CORPORATIONS—Vacation of Plat—Written Consent of Lot Owners.** Where, as under the facts in this case, a subdivision of land has been platted into lots, blocks, streets, and alleys, and a portion of the lots have been sold, a part of such addition cannot be vacated, under section 924, Comp. Laws 1909 (section 522, Rev. Laws 1910), without all the owners of lots in such plat joining in the execution of a written instrument, as provided by section 923, Comp. Laws 1909 (section 521, Rev. Laws 1910).

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by John Rain against Albert Clark.   Judgment for plaintiff, and defendant brings error.   Reversed.

*W. F. Durham,* for plaintiff in error.

*Joe M. Adams,* for defendant in error.

Opinion by RITTENHOUSE, C.   This is an action brought by John Rain for the purpose of restraining Albert Clark, as road overseer, from interfering with him in closing certain streets in Barnard's addition to the city of Shawnee, and to restrain said Clark from opening certain streets already closed.   The cause was tried on the following agreed statement of facts:

"It is hereby stipulated and agreed in open court, the plaintiff present in person and by counsel, W.. F. Durham, deputy county attorney, that the plaintiff, John Rain, is sole owner of blocks 2, 3, and 4 of what has heretofore been platted and recorded as Barnard's addition to the city of Shawnee; that block 1 of said addition, as shown by said plat, is owned by one Clay Barnard, and that the defendant, Albert Clark, is road overseer; that heretofore, on the 8th day of August, 1912, the plaintiff herein executed what may be termed as a deed of vacation to said plat in so far as said plat covered blocks 2, 3, and 4 of Barnard's addition; said Barnard's addition is now and always has been outside of the city limits of the city of Shawnee, and is within the limits of Davis township No. 2, road district No. 5; that the plaintiff desires to fence said blocks 2, 3, and 4 in one inclosure, and that said fencing will close the streets as shown on the original plat of Barnard's addition, with the exception of the street on the west and on the south side of block 1; that there are regularly laid out public highways on the east side and north side of block 1; that the plaintiff has heretofore by his tenants planted a crop of cotton on said blocks 2, 3, and 4, and the streets shown on the original plat, to

wit, between block 2 and block 3 and between block 3 and 4; that the defendant acting in his capacity as road overseer of road district No. 5, through his agents and servants, pulled up and destroyed said cotton crop planted within the limits of the streets above mentioned, between block 2 and block 3 and block 3 and block 4; that the defendant has heretofore taken up and removed the posts which the plaintiff had caused to bet set in said streets heretofore mentioned between block 2 and block 3 and block 3 and block 4, and will continue to destroy said crop and to take up and remove said posts, and will, unless restrained by this court, prevent the plaintiff from fencing said blocks in so far as said fencing will block and obstruct said streets.

"The plaintiff in open court waives right to damages in this case, and thereupon both parties in open court, through their counsel, agree that the stipulation heretofore dictated on the records as a statement of facts and this hearing may be treated by the court as a hearing for a perpetual injunction, and that the stipulation heretofore dictated may be by the court treated as a fact and for a hearing on the perpetual injunction."

The court, upon hearing the evidence, found that the plaintiff, John Rain, was entitled to a perpetual injunction against the defendant, Albert Clark, his agents, employees, and successors in office, enjoining them from going in or upon the property of the plaintiff, or upon the streets lying and being situated between blocks 2 and 3, and between blocks 3 and 4, of Barnard's addition.

It is contended by plaintiff that since all the property in this addition is owned by himself and Clay Barnard, and the latter did not join in the written instrument vacating said plat under section 923, Comp. Laws 1909 (section 521, Rev. Laws 1910), therefore section 924, Comp. Laws 1909 (section 522, Rev. Laws 1910), controls in disposition of the matters involved. Said section

provides that any part of a plat may be vacated under
provisions and conditions of chapter 15, article 4, Comp.
Laws 1909 (chapter 10, article 8, Rev. Laws 1910), pro-
vided such vacation does not destroy any of the rights
and privileges of other proprietors of such plat. It be-
comes very material in construing this section to ascer-
tain what are the provisions of this article necessary to
be complied with before a portion of the plat may be
vacated. Section 920, Comp. Laws 1909 (section 518, Rev.
Laws 1910), gives the district courts the authority on
application of the proprietors of any town to alter or va-
cate such plat or any part thereof. This section pertains
exclusively to towns, and as the addition in question is
not within any town or city the same does not apply in
this case. Section 923, Comp. Laws 1909 (section 521,
Rev. Laws 1910), provides:

"Any plat of any town or city or addition thereto or
any subdivision of land may be vacated by the proprietors
thereof at any time before the sale of any lots therein by
a written instrument declaring the same to be vacated,
duly executed, acknowledged or proved and recorded in
the same office with the plat to be vacated; and the exe-
cuting and recording of such writing shall operate to
destroy the force and effect of the recording of the plat
so vacated, and to divest all public rights in the streets,
alleys, commons and public grounds laid out as described
in such plat. And in cases where any lots have been sold
the plat may be vacated as herein provided by all the
owners of lots in such plat joining in the execution of
the writing aforesaid: Provided, that this act shall not
be construed as applying to any of the territory included
within the limits of any incorporated city, town or vil-
lage created and organized under and by virtue of a
special act of the Legislature."

Under this section a plat of any town, city, addition, or any subdivision of land may be vacated in two ways: First, by the proprietors thereof, at any time before the sale of any lots therein, by written instrument declaring the same to be vacated, the instrument being executed, acknowledged, and recorded as provided by said section; second, where any lots have been sold, the plat may be vacated by written instrument executed, acknowledged, and recorded, provided such instrument is signed by all the owners of lots in such plat joining in the execution thereof. In the instant case the plaintiff owned blocks 2, 3, and 4 of Barnard's addition, while block 1 was owned by Clay Barnard. The written instrument, attempting to vacate a portion of said addition, was executed by John Rain only, and as the provisions and conditions of said article, when construed together, provide for all the owners of lots embraced in the plat to join in the instrument in writing by which they declare the same vacated, and this was not done, the proceedings attempting to vacate a portion of said plat were void. It was said in *Scott v. Town of Noble,* 18 Okla. 409, 89 Pac. 1122:

"Hence it must be held that the only method prescribed by this chapter for vacating a part of a plat is under section 96, by petition to the district court where all the owners of the property embraced in the plat join in the petition, or, under section 99, where all the owners of lots embraced in the plat join in executing the writing by which they declare the plat vacated. There is no provision in the statute authorizing one owner of a part of a town to have the same declared vacant on his individual petition."

The question under discussion in that case was based upon an attempt to vacate a part of a town by petition

to the district court, while the attempt here is to vacate a part of a subdivision of land by the execution on the part of an individual lot owner of a written instrument. It is apparent from a reading of this article that, in order to vacate a portion of a subdivision of land which was platted into lots, blocks, streets, and alleys, it would be necessary, where any lots had been sold, that all the owners of the lots join in the execution of the written instrument, and as the stipulation in this case admits that all the owners of such lots did not join in a written instrument, as required by said article, the court erred in granting an injunction based upon the theory that the plaintiff had properly vacated a portion of said addition.

The cause is therefore reversed.

By the Court: It is so ordered.