## TOWN OF BURLINGTON v. LAMBERT.

No. 7067—Opinion Filed June 19, 1917.

(166 Pac. 137.)

(Syllabus by the Court.)

**Municipal Corporations—Plats—Vacation.**

The statutes of this state do not authorize one owner of a portion of the plat of an incorporated town to have such part of the plat vacated upon his individual petition to the district court; there being other owners of lots in the plat not parties to the proceeding.

Thacker, J., dissenting.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by B. J. Lambert against the Town of Burlington. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Becman & Kirkendall, for plaintiff in error.

A. J. Titus and A. R. Carpenter, for defendant in error.

RAINEY, J. The defendant in error, B. J. Lambert, instituted this action in the district court of Alfalfa county, Okla., for the vacation of blocks 1, 2, 11, 12, 13, 14, 23, 24, 25, 26, 35, and 36, and certain streets and alleys, in the town of Burlington, Alfalfa county, Okla. Lambert alleged in substance that he was the owner and proprietor of the blocks above named, and that the same were a part of the original town of Burlington, Okla.; that a plat of the property, properly certified and acknowledged, was duly filed with the county clerk of Woods county, Okla., in 1908, and was duly recorded in said office; that upon the adoption of the Constitution of the state of Oklahoma said Woods county was divided, and the said town of Burlington became a part of Alfalfa county; and that it would be for the best interest and benefit of all persons concerned therein that said property described in the petition be vacated. The trial court rendered judgment vacating said property, as prayed for by Lambert in his petition, from which judgment the town of Burlington appealed to this court.

It is admitted by all parties that the property owned and sought to be vacated by Mr. Lambert was a part of the original plat of the town of Burlington, Okla. The evidence also established the fact that there were many other owners of lots and blocks in the town site of Burlington, as shown by the plat, and that these other owners and proprietors had not joined in the application to the district court for the vacation of the plat. Section 518, Rev. Laws of Oklahoma 1910, authorizes and empowers the district court of the state to vacate any town or any part thereof upon application made by the proprietors of such town. Section 519 provides for notice of the application, and section 520 provides for the hearing and order. Section 521 provides the manner in which the plat of a town or city may be vacated before sale of any lots, and also prescribes the procedure for vacation of any plat of any town in cases where some of the lots have been sold. Said section reads as follows:

"521. Vacation of Plats Before Sales. Any plat of any town or city or addition thereto or any subdivision of land may be vacated by the proprietors thereof at any time before the sale of any lots therein by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated; and the executing and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons and public grounds, laid out as described in said plat. And in cases where any lots have been sold the plat may be vacated as herein provided by all the owners of lots in such plat joining in the execution of the writing aforesaid; Provided, that this section shall not be construed as applying to any of the territory in-

cluded within the limits of any incorporated city or town created and organized under and by virtue of a special act of the Legislature."

Section 522, which provides for the vacating of a part of a plat, is as follows:

"522. Vacating Part of Plat. Any part of a plat may be vacated under the provisions and subject to the conditions of this article; Provided, that such vacation does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided, further, that nothing contained in this article shall authorize the closing or obstructing of any public highways laid out according to law."

The cases of William J. Scott v. Town of Noble, 18 Okla. 409, 89 Pac. 1122, and Clark v. Rain, 51 Okla. 206, 151 Pac. 692, are decisive of the instant case. Sections 95 to 99, inclusive, of article 3, chapter 13, Wilson's Statutes 1903, are identical with sections 518 to 522, inclusive, of Rev. Laws of Oklahoma 1910, and we believe that the decisions in the above-named cases preclude the plaintiff from obtaining the relief awarded him by the district court. In the first-named case William J. Scott, the owner of a part of the plat of the town of Noble, filed an action in the district court of Cleveland county for the vacation of the portion of the town embracing the lots owned by him, whereon he had resided for a number of years. The trial court sustained a demurrer to the petition, and on appeal to the Supreme Court of Oklahoma Territory the action of the trial court was sustained. With reference to section 99, which is the same as section 522, Rev. Laws of Oklahoma 1910, Chief Justice Burford, speaking for the court, said:

"This is the only section that it can be reasonably claimed gives the plaintiff any standing in this case. What are the provisions and conditions of this chapter under which any part of a plat may be vacated? All the various provisions of the act must be construed together, so as to give each force and make it effective for some purpose, if the same can be done without doing violence to the language used. Section 96 makes provisions for the proprietor or proprietors, by joining in a petition to the district court, having a part of a plat vacated. Provision having been made for vacating a portion of a plat by the procedure described in section 96, it would be unreasonable and contrary to the rules of interpretation to hold that the provisions of section 99 refer to the method or procedure already provided for accomplishing the same result. By section 98 provision is made for vacating a whole plat, a whole addition, or a whole subdivision by the owners all joining in a writing declaring such purpose and recording the same. But no provision is made in this section for

vacating a part of a plat. By the terms of section 99, any part of a plat may be vacated under the provisions and subject to the conditions set forth in the chapter relating to such subject. Hence it must be held that the only method prescribed by this chapter for vacating a part of a plat is under section 96, by petition to the district court, where all the owners of property embraced in the plat join in the petition, or, under section 99, where all the owners of lots embraced in the plat join in executing the writing by which they declare the plat vacated. There is no provision in the statute authorizing one owner of a part of a town to have the same declared vacant on his individual petition."

In the case at bar it was not claimed that all of the owners of the lots had executed the written instrument vacating the plat, as was necessary under the procedure provided in section 521, and Lambert, the plaintiff in the trial court, was not joined in his application to the district court for the vacation of said plat by the other owners of lots and blocks in said town of Burlington.

The district court not being authorized to vacate a part of the plat on a petition of only one owner of a part of the lots and blocks included in the plat, the judgment of the district court in this cause is reversed and remanded, with directions to the trial court to dismiss the action.

All the Justices concur, except KANE, J., absent, and THACKER, J., who thinks the cases of Scott v. Town of Noble and Clark v. Rain, which are followed in the instant case, should be overruled, and dissents.