### TOWN OF ORLANDO v. STEVENS.

No. 11638—Opinion Filed June 5, 1923.

(Syllabus.)

**Appeal and Error—Conflicting Evidence—Municipal Corporations — Vacation of Property by Owner.**

In a special proceeding by the owner of tracts of land placed for town-site purposes, where the mayor and board of trustees of said town appear and protest the vacation of such property, and upon the issues joined the petitioner and protestants introduced the testimony of numerous witnesses, which is conflicting, and the trial court makes a personal inspection of the property involved and enters a decree in favor of the petitioner, and it appears upon an examination of the whole record that the judgment of the court in favor of the petitioner is reasonably supported by the evidence, held such judgment will not be disturbed on appeal.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Proceeding by Jennie Stevens to vacate certain tracts of land plotted for town-site purposes; the Town of Orlando protesting. Judgment for petitioner, and protestant brings error. Affirmed.

John J. Hildreth, for plaintiff in error.

John Adams, for defendant in error.

KENNAMER, J. Jennie Stevens, petitioner, instituted this proceeding in the district court of Logan county to have vacated certain blocks, lots, and portions of streets of the incorporated town of Orlando, Logan county, Okla. The town of Orlando, through its mayor and board of trustees, appeared and filed protest against the vaca-tion of the property described in the petition of the applicant, Mrs. Stevens. The cause was tried to the court on the 3rd day of April, 1920, a jury having been waived by the parties. The court, after having heard the oral testimony of numerous witnesses introduced on behalf of the petitioner and the protestants, adjourned the further hearing of the cause until the 6th day of April, 1920, in order that the judge of said court might personally inspect the property which the petitioner instituted the proceeding to vacate.

The court, after having personally inspected the property, entered the following decree:

"It is, therefore, considered, ordered, adjudged and decreed by the court. that Second street, from the south line of said plat north to the south boundary of Fairbanks avenue, and Warner avenue from Second street west one-half block to the alley in blocks forty (40) and forty-five (45), and the east half of block forty (40) and forty-five (45) and Broadway avenue from the west line of First street west to the east line of Second street, be vacated. And the county clerk of said Logan county is authorized and directed to show this vacation upon the official town plat of the town of Orlando, Okla., to all of which the town of Orlando, a municipal corporation, excepts.

"It is further ordered that the application of Jennie Stevens to vacate Second street from Fairbanks avenue north to Broadway avenue, be denied, and that her application to vacate Fairbanks avenue from Second street west one-half block, be denied."

The town of Orlando prosecutes this appeal to reverse the judgment of the trial court. The only question presented under the various assignments of error is that the judgment of the court is not sustained by sufficient evidence and is, therefore, contrary to law.

Sections 4482 and 4483, Comp. Stats. 1921, authorize the owner or owners of any tract of land platted for town or city purposes to make application to the district court by posting notices and the publication of notice in a newspaper of general circulation in the county for the vacation of such platted portions or tracts of and which said owner desires to have vacated as a part of the town site, and, if satisfactory evidence on the hearing of such application is made the court may enter a decree vacating such land or any portion thereof and direct the filing of such decree in the office of the county clerk.

Section 4483, supra, provides that it appears "that the platted streets and alleys on or across such portion have never been used by the public, or that the public has for more than five years abandoned such by nonuser," such street and alleys may be vacated.

It appears from the argument of counsel for the town of Orlando that the only serious objections he makes to the judgment of the trial court is to that part of the decree vacating part of Second street. It is insisted that because many of the witnesses testified that that part of Second street vacated by the court had been used some for the past five years, this testimony conclusively establishes the fact that there had been no abandonment of that part of said street . We believe it is sufficient answer to this contention to state that the oral evidence is sharply conflicting as to the use of the part of Second street vacated by the court, and that the trial court entered its decree after making a personal inspection of the property in controversy. Counsel for the town did not request the trial court to make special findings of fact disclosing just what condition he found the property in from the testimony on such inspection. It is only reasonable to assume that the personal inspection of the trial judge convinced him that the testimony of the petitioner and her witnesses tending to establish the abandonment of the property correctly stated the facts as they existed. Furthermore, the photographic pictures of the property strongly indicate that the parts of the streets sought to be vacated were grown up in weeds and bushes, and the use for which it had been dedicated to the public had been abandoned.

In the case of Canadian River R. C. v. Wichita Falls & N. W. Ry. Co. et al., 64 Okla. 62, 166 Pac. 163, this court held:

"To constitute abandonment of an easement of right of way, there must be not only an actual relinquishment, but an intention to abandon; and this is a question of fact for the jury, or the court sitting as a trier of the facts, under all the evidence.

"Where the evidence reasonably supports the finding of the trial court on a question of fact, the judgment will not be disturbed on appeal."

We conclude, upon a careful examination of the entire record in the instant case, that the judgment of the trial court is reasonably supported by the evidence, and it appearing that no prejudicial error was committed in the trial of the cause the judgment must be affirmed. It is so ordered.

JOHNSON, C. J., and McNEILL, COCHRAN, and HARRISON, JJ., concur.