## OKLAHOMA CITY v. KELSEY.

No. 21253. Opinion Filed Oct. 25, 1932.

M. W. McKenzie, G. B. Fulton, and Longstreet Hull, for plaintiff in error.

Fred Ptak and Chas. H. Garnett, for defendant in error.

HEFNER, J. This is a proceeding brought in the district court of Oklahoma county by Jessie B. Kelsey to obtain a decree vacating lots 1 to 17, inclusive, in Eggleston Second addition to Oklahoma City; and for the purpose of vacating a portion of Eggleston avenue in that addition.

Plaintiff alleges that she and her predecessor, her deceased husband, were the exclusive owners of the lots sought to be vacated and have been for more than ten years, and that the portion sought to be vacated is no longer used or required by the city; that they have been in open, notorious, and exclusive possession of the street which is sought to be vacated for a period of more than 10 years; and that they had the same fenced and under cultivation for that period of time. She predicates her application on sections 4481, 4482, and 4483, C. O. S. 1921 [O. S. 1931, secs. 6147-9] which provide:

"The district courts are hereby authorized and empowered on application made by the proprietors of any town within their proper county to alter or vacate the same or any part thereof.

"If the owner or owners of any tract of land platted for town or city purposes, or the owner, or owners, of any portion of such platted tract shall be desirous of vacating the whole or some part thereof, such owner, or owners, shall give notice in writing of such intended application by posting notice thereof in two public places in the town or city or on the town site affected thereby, and by publication in some newspaper of general circulation in the county where such land is situated, if there be one, at least 30 days prior to the time when such application will be presented to the court to which such owner, or owners, intend to make application. The municipal authorities, if such land be within an incorporated city or town, and if not, any owner of any lot or lots within such platted lands, may appear and oppose and resist such application by filing a verified showing of the grounds therefor, and giving security for the payment of any costs that may be adjudged against such objectors.

"If such applicant, or applicants, shall produce to the court satisfactory evidence that the notice required by the preceding section has been given, such court shall proceed to hear and determine such application, as well as any objections thereto. If such application shall be for the vacation of the entire plat, and no owner of any portion thereof shall appear and object to such vacation, the entire plat may be vacated, or if it shall appear that portions of such plat are not used or required for town or city purposes as platted, the court may vacate such portions thereof as will not injuriously affect the rights of owners of other portions of such plat. If the application shall be by the owner or owners of a portion of such platted tract for the vacation of such portion only, and it shall appear that the portion desired to be vacated has never been actually used for town or city purposes, or that the platted streets and alleys on or across such portion have never been used by the public, or that the public has for more than five years abandoned such by nonuser, or that the same has been enclosed and occupied adversely to the public for more than five years, then the court may vacate such portion of said plat. Any decree vacating a plat or any portion thereof shall be filed and recorded in the office of the county clerk in the county where the land is situated, and the county clerk shall note on the original plat a reference to such decree and the book and page where recorded."

The city of Oklahoma City protested the application to vacate the lots on the ground that the district court was without jurisdiction to entertain the same. The evidence shows that appellant, and her predecessor, were not the owners of the entire block sought to be vacated; that one Mr. Johnson owned lots from 18 to 21, inclusive, therein. It is the city's contention that the court has no jurisdiction to entertain a petition or application to vacate a portion of a plat on the application of an owner of a portion thereof without being joined therein by the other owners of property in the plat. In other words, it is its contention that all of the owners of lots in a plat must join in the application to vacate, notwithstanding the application is for vacation of only a portion of the plat. In support of this contention, it cites Scott v. Town of Noble, 18 Okla. 49, 89 P. 792; Clark v. Rain, 41 Okla. 206, 151 P. 692; Town of Burlington v. Lambert, 64 Okla. 114, 166 P. 137.

The cases relied upon by the city were decided by this court prior to the 1915 amendment of the law. The 1915 act ma-

terially changed the law. In the case of Town of Burlington v. Lambert, supra, it is said:

"The statutes of this state do not authorize one owner of a portion of the plat of an incorporated town to have such part of the plat vacated upon his individual petition to the district court; there being other owners of lots in the plat not parties to the proceeding."

That case was disposed of under the 1910 law. Section 518, Rev. Laws 1910, then provided that the proper district court of the state might vacate any town or any part thereof upon application made by the proprietors of such town. Section 519 provided for notice of the application; and section 520 provided for the hearing on such application. Section 521, which is now section 4484, C. O. S. 1921 [O. S. 1931, sec. 6150] provided the manner in which a plat of a town or city might be vacated. It provided in part that any plat of a town or city might be vacated before the sale of any lots therein by execution and recordation of an instrument by the owners thereof declaring the same to be vacated. It further provided that such plat might be vacated after the sale of lots therein by an instrument signed and executed by all of the owners of lots in such plat. Section 522, now section 4485, C. O. S. 1921, provided that any part of a plat might be vacated under the provisions and subject to the conditions of this article. Sections 519 and 520 of the 1910 law were amended by the act of 1914, and these sections, as amended, appear as sections 4482 and 4483 of the 1921 Statutes [O. S. 1931, secs. 6147-9].

It will be observed that, under the law as it existed prior to the 1915 amendment, a portion of the plat could only be vacated by the consent of all the owners of lots in such plat. The 1915 amendment materially changed the law in this respect. Sections 4482 and 4483, C. O. S. 1921 [O. S. 1931, secs. 6148-9] specifically provide that a portion of a plat may be vacated by any owner thereof, and that such vacation may be had over the objections and protests of the owners of other lots in the plat. The decisions of this court construing the law prior to the 1915 amendment are therefore not applicable to a case arising under the amendment.

While the decision in the case of Town of Burlington v. Lambert, supra, was filed in 1917, the judgment appealed from was rendered prior to the effective date of the 1915 amendment, and the decision in that case construes the 1910 law and is based upon the law as it then existed.

We think it quite clear that, under the law as amended, the district court had jurisdiction in this action under sections 4482 and 4483, supra. This court has sustained judgments vacating portions of city plats on the petition of an individual owner thereof, without being joined by other owners of lots in the plat, in the cases of Town of Orlando v. Stephens, 90 Okla. 2, 215 P. 1050; City of Tulsa v. Aaronson, 103 Okla. 159, 229 P. 596.

The question here raised was not discussed in either of these cases and, notwithstanding the prior decisions of this court construing the law as it was prior to 1915, neither this court, the trial court, the city, nor the other owners of lots in the plat sought to be vacated raised any question as to the jurisdiction. Jurisdiction was assumed, notwithstanding these decisions, and in the case of City of Tulsa v. Aaronson, supra, a portion of the plat was vacated over the protest of owners of other lots in the plat. It must be assumed that the parties were familiar with the construction of the law prior to the 1915 amendment, and that, because of the amendment, the protesting parties did not raise any question as to the jurisdiction of the court. Whether this be true or not, in our opinion, the purpose of amendment was to obviate the construction placed upon the law by this court prior thereto. Under the law, as it now exists, the court had jurisdiction to render the decree.

The city further urges that the court erred in entering a decree vacating a portion of Eggleston avenue. The statute provides that where a portion of a plat is vacated, if a street across the portion so vacated has been abandoned by the public and not used for a period of more than five years, or if it has been enclosed and occupied adversely to the public for more than five years it may also be vacated. The portion of the street so vacated, in the instant case, consists of a strip of land 40 feet wide along the north boundary line of block 1, Eggleston's Second addition, which was designated as a street when the addition was opened and platted. This strip was kept under fence and cultivated by plaintiff and her predecessor for a period of more than ten years prior to its vacation. After Eggleston's Second addition was platted, an addition was platted immediately north thereof, known as Blevins addition to Oklahoma City. A strip of land 21 feet wide, running along the south edge of this Blevins addition and adjoining Eggleston avenue on the north, was designated on the plat as Blevins alley. There is no boundary between Eggleston avenue and Blevins alley, the two mak-

ing a strip 61 feet wide and 200 feet long between Blevins addition and block 1, Eggleston's Second addition. A man named Nunn owned and occupied lot 20, Blevins addition, and used this 21 feet comprising Blevins alley. The city contends that Eggleston avenue and Blevins alley, inasmuch as there is no line separating the two, must be considered as one street, and that there was therefore, because of the use of Blevins alley by Mr. Nunn, no abandonment of Eggleston avenue by the public for a period of more than five years, and that the court therefore erred in vacating a portion of that street. This contention cannot be sustained. While Eggleston avenue and Blevins alley appear as one street, yet, under the evidence, they are as two different streets—Eggleston avenue 40 feet, and Blevins alley 21 feet wide. Blevins alley did not exist until that addition was platted. The decree does not vacate any portion of Blevins alley: it simply vacates a strip of land 40 feet wide and 200 feet long designated and known as Eggleston avenue, which was designated as a street when this addition was platted.

The city further urges that the court erred in vacating this portion of Eggleston avenue for the reason that the proof was that there was a great public necessity that the avenue remain open as platted. This is a matter addressed to the sound discretion of the court. It had all the witnesses before it; heard their testimony; and observed their demeanor on the witness stand. The trial court, after hearing this evidence, found generally in favor of applicant. We cannot say that this finding is against the clear weight of the evidence.

The judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.