**BOHNSACK et al. v. PONCA CITY DEVELOPMENT CO. et al.**

No. 21730.   Jan. 23, 1934.

Maris & Maris, for plaintiff in error.

McCracken & Oates, Robert R. Pruet, and Hayes McCoy, for defendants in error.

CULLISON, V. C. J. This is a proceeding to vacate a part of the plat of South Side addition to Ponca City, Okla. The Ponca City Development Company and Continental Oil Company filed a petition in the district court seeking to vacate a portion of the recorded plat of South Side addition to the city of Ponca City, Okla. Lewis Dodson and other property owners who had purchased lots within a portion of said South Side addition filed objections to said petition, and the case was heard by the district court upon the petition and objections. The parties will be referred to hereafter as petitioners and objectors.

Both sides introduced considerable testimony in support of their contention in said cause, and upon conclusion of said cause the court rendered judgment in favor of petitioners vacating that portion of said South Side addition of Ponca City sought to be vacated. Objectors appealed to this court and raised two propositions in support of their appeal.

The first is that the court's finding of fact that the vacation of the portion of the plat described in the petition and the closing of the streets and avenues therein "will not injuriously affect the rights of the objectors or the rights of the traveling public, or the rights of the owners of any lots or blocks

in the remaining portion of said South Side addition to the City of Ponca City, Okla.," is not supported by the evidence and is against the overwhelming weight of the evidence in this case.

This action was brought under sections 4482 and 4483, C. O. S. 1921 (O. S. 1931 secs. 6148 and 6149). Section 4483 provides:

"* * * If such application shall be for the vacation of the entire plat, and no owner of any portion thereof shall appear and object to such vacation, the entire plat may be vacated, or if it shall appear that portions of such plat are not used or required for town or city purposes as platted, the court may vacate such portions thereof as will not injuriously affect the rights of owners of other portions of such plat. If the application shall be by the owner or owners of a portion of such platted tract for the vacation of such portion only, and it shall appear that the portion desired to be vacated has never been actually used for town or city purposes, or that the platted streets and alleys on or across such portion have never been used by the public, or that the public has for more than five years abandoned such by nonuser, or that the same has been enclosed and occupied adversely to the public for more than five years, then the court may vacate such portion of said plat. * * *"

Objectors' contention cannot be sustained for two reasons: First, there was ample evidence to sustain the findings of the court under the law of that portion of the section just quoted. In the second place, objectors did not question the sufficiency of petitioners' evidence at the trial of said cause, either by demurrer or by a request for a directed verdict, and the case therefore falls squarely within the rule announced by this court in the case of Oklahoma Union Railway Co. v. Mitchell, 105 Okla. 152, 231 P. 1062:

"Where a demurrer is not interposed to the evidence or a directed verdict requested, the insufficiency of the evidence to sustain the verdict cannot be reviewed by the Supreme Court."

The objectors' first contention is not well founded.

Objectors' second contention is:

"Where lands are sold with reference to a recorded plat, a dedication of the streets and avenues shown on that plat becomes complete, and as against the purchasers of such lots and their assigns, irrevocable, and as against them the dedicator is estopped to attempt to vacate or close to public use the streets and avenues so dedicated by him."

In the very recent case of Oklahoma City

v. Kelsey, 160 Okla. 48, 15 P. (2d) 816, this court held adverse to objectors' contention:

"Where the district court, on petition of the owner of a portion of the plat of a city, vacates a portion of the plat, it may also, under section 4483, C. O. S. 1921, vacate a platted street on or across the portion so vacated, where the street has been abandoned and not used by the public for a period of more than five years; or where the same has been inclosed and occupied adversely to the public continuously for more than five years."

The street sought to be closed by petitioners and ordered closed by the court's decree had never been used since the dedication of said plat.

The trial court held properly in vacating said streets under the authority quoted and committed no error in said cause.

The judgment of the district court is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.