## HOSKINS v. STITES et al.

No. 27941.   April 12, 1938.

Karl D. Cunningham, for plaintiff in error.

R. F. Shutler, for defendants in error.

RILEY, J.  This is an appeal from an order sustaining the demurrer to the petition of plaintiff and dismissing the cause

in an action for the reformation of a deed and to quiet title.

The parties are in the same relation here as in the trial court.

Plaintiff's petition alleged mutual mistake and mistake of the scrivener in the preparation of a contract for a deed and the deed itself.

The contract and deed, as drawn, covered lots 5, 6, 7, and 8, in block 40, in the city of Kingfisher, Kingfisher county, Okla. The mistake alleged is that lots 7, 8, 9, and 10 were intended by all parties to be conveyed to plaintiff. The deed was dated September 3, 1930. It was filed for record November 17, 1930.

Plaintiff alleged discovery of the mistake December 16, 1930. She further alleged that she entered into possession of lots 9 and 10, together with lots 7 and 8, immediately after November 17, 1930, "and has ever since had, kept and retained the use, possession and enjoyment thereof."

General demurrer to the petition was filed by defendants in error. Later an amendment to the demurrer was filed setting up an additional ground, as follows:

"Fifth. That the first cause of action set forth in the petition of the plaintiff, asking for reformation of warranty deed, dated September 3, 1930, and designated as Exhibit 3, and all other matters alleged in said first cause of action, have long since been barred by the statute of limitations of the state of Oklahoma. That plaintiff alleges that she discovered said mistake on December 16, 1930, and had full knowledge thereof; that the said suit was not filed until September 9, 1936, same being more than five years from the time said mistake was discovered, and the said statute has barred the said action and the same is now barred and the court has no jurisdiction in the premises."

The demurrer was sustained as to the first cause of action on the sole ground that "the same is barred by the statute of limitations of Oklahoma."

In this the court erred.

Defendants apparently rely upon the rule as stated in 37 C. J. 950, and the cases cited in support thereof. The rule there stated is:

"The principle which governs the running of the statute of limitations in cases where equitable relief is sought on the ground of mistake, is substantially the same as that applicable in cases of fraud hereinbefore discussed. The general rule, often substantially embodied in the local statutes, is that if plaintiff without any fault or neglect on his part is ignorant of the mistake, the statute begins to run when and only when the mistake is discovered, or from the time when plaintiff, by the exercise of reasonable diligence might have discovered his error."

The cases cited support the rule, but the rule thus stated is applicable only to a party who is not in possession of the premises. The cause is one not specifically mentioned in sections 99 and 101, O. S. 1931, and therefore falls within the 6th subdivision of section 101, which is:

"An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

Since plaintiff alleges discovery of the mistake on December 16, 1930, and this action was not commenced until September 9, 1936, more than five years had elapsed between the date of discovery of the mistake and the commencement of the action. The action is therefore barred unless the allegations of plaintiff's petition as to continuous possession during said period takes the case out of the rule. The allegations of possession are by the demurrer, and for the purpose thereof, admitted.

The exception to the rule relied upon by defendants is stated in 53 C. J. 1002, under the title "Reformation of Instruments," as follows:

"The period starts running from the time of the discovery of the fraud or mistake, or the time at which it should have been discovered, unless a contrary rule is embodied in the applicatory statute. The period of limitations cannot be pleaded as a defense to a proceeding nor a bar to a defense based on and seeking reformation of a conveyance, if the party proceeding or defending on that ground has been in continuous, peaceable, and uninterrupted possession of the premises since the time of execution of the instrument, and similarly, the statute of limitations is no defense to an action by a grantee in possession of real estate to have his deed reformed before his possession is disputed."

The rule stated in 37 C. J. 950, supra, is recognized, but it is pointed out that the rule has no application as against a party in continuous possession who seeks reformation of the conveyance under which he holds.

It is generally held that the statute does not begin to run against one in possession as against a right of reformation until the assertion of an adverse claim by the party against whom reformation is sought. State v. Lorenz (Wash.) 60 P. 645; Bartlett v.

Judd, 21 N. Y. 200; Varick v. Edwards, 11 Paige (N. Y.) 290; Bank v. Judy, 141 Ind. 322, and Harris v. Ivey, 114 Ala. 363, are cited as supporting the holding in State v. Lorenz, supra.

Barrows v. Alford. 129 Okla. 265, 264 P. 628, follows in principle the rule stated in State v. Lorenz, supra. Therein it is said:

"We hold the statute assumed applicable was tolled under the facts in the case at bar for rights concerned were conceded to plaintiff Alford and he enjoyed all the benefits accruing under those rights by the express act of the grantor Barrows, in the payment of all rentals upon the land."

Plaintiff also contends that the court erred in sustaining the demurrer to the second cause of action. The contention in this regard is that as to the second cause of action the five-year limitation does not apply.

We consider it unnecessary to consider the issue, since we hold that the court erred in applying the five-year limitation to the first cause of action.

Judgment reversed and cause remanded, with directions to overrule the demurrer.

BAYLESS, V. C. J., and WELCH, GIBSON, and DAVISON, JJ., concur.