## STOCKTON v. BOARD OF COM'RS OF PITTSBURG COUNTY.

No. 27697. Dec. 20, 1938.

Cornish & Cornish, for plaintiff in error.

W. J. Counts, County Atty., for defendant in error.

DAVISON, J. This case is presented to us on appeal from the district court of Pittsburg county.

M. L. Stockton, as the owner of lot 26 (containing approximately five acres) of townsite No. 4, county of Pittsburg, state of Oklahoma, presented his application to the district court requesting that court to make an order vacating a portion of the plat of said "townsite No. 4." The portion of the plat sought to be vacated consisted of lot 26 and a strip 30 feet in width running the

length of said lot along the west side thereof and designated as a "roadway."

The townsite addition is adjacent to but not within the corporate limits of the city of McAlester. It was laid out by the federal government under an Act of Congress of February 19, 1912 (37 St. 67), which related to the sale of certain segregated lands of the Chickasaw and Choctaw Tribes, and provided in part as follows:

"All agricultural lands shall be sold in tracts not to exceed one hundred and sixty acres, and deeds shall not be issued to any one person for more than one hundred and sixty acres of agricultural lands, grazing lands in tracts not to exceed six hundred and forty acres, **and lands especially valuable by reason of proximity to towns or cities may, in the discretion of the Secretary of the Interior, be sold in lots or tracts containing not less than one acre each.**" (Emphasis ours.)

Lot 26 contained approximately five acres and is one of several lots composing the townsite addition.

The applicant, M. L. Stockton, proceeded upon the assumption that jurisdiction to vacate a portion of this plat was and is vested in the district court by virtue of sections 6148 and 6149, O. S. 1931. Notice of intention to present his application was given in accordance with the requirements of those statutes. The board of county commissioners of Pittsburg county intervened for the purpose of contesting the application.

The cause was presented to the court on the 10th day of September, 1936. At the conclusion of the hearing the trial court concluded it was without jurisdiction to hear and determine the application and entered its judgment denying the same. The applicant presents the case to this court on appeal, appearing herein as plaintiff in error.

The trial court decided that the controversy was beyond its jurisdiction "for the reason (as recited in the journal entry of the judgment) that townsite addition No. 4 was laid out and in accordance with the Act of February 19, 1912, by the Congress of the United States of America."

We are unable to agree with the holding of the trial court on this point. There is nothing in the congressional act evidencing an intention on the part of the federal government to retain control of town and townsite additions platted and sold in accordance with the act. Nor can such an intent or purpose be inferred from the act. The mere fact that the land was laid out as a "townsite addition," in accordance with an act of Congress, would not deprive the state, its political subdivisions, or its courts, from thereafter exercising the sovereign power of the state in connection with the control, and determination, of property rights therein. The question of whether the federal government could have retained a degree of control over the lands, after sale thereof, inconsistent with the power of a state court to vacate the plat under legislative enactment, is, of course, another and different question which need not be discussed here. The controlling point here is that it did not attempt to do so.

Indeed, the defendant in error does not seek to sustain the judgment upon the theory that the federal government retained jurisdiction or control, but urges in support thereof that the jurisdiction vested in the district court by legislative enactment (sections 6148 to 6149, supra, 11 Okla. St. Ann. secs. 523, 524) is not sufficiently broad to comprehend the situation here presented. It is urged in substance that, since sections 6148 and 6149, supra, are a part of article 7, chapter 33, O. S. 1931, and since other provisions of that article relate to the platting of property for town and city purposes, the sections now under consideration are limited in their operation to the vacation of plats or portions thereof only when such plats have been made under authority of other provisions of the article. The argument is rather ingenious, but is unsupported by legal authority or sound reason. The article mentioned related to town and city plats, and, considered as a whole, contemplates the creation of such plats as well as the vacation of plats already existing. (Notice sec. 6142, O. S. 1931.) However, there is nothing in either of the two sections (6148 and 6149, supra, which historically constitute an amendatory act, chapter 90, S. L. 1915) that indicates a legislative intent to limit the power to vacate plats to the confines indicated by defendant in error. On the contrary, the very language of the sections indicates a more comprehensive purpose. Thus, in section 6148, supra, the first legislative expression is "If the owner or owners of any tract of land platted for city or town purposes. * * *" This is followed by provisions for vacating such plat or a portion thereof.

It is a basic rule of statutory construction that the intent of the Legislature, when ascertained, shall govern. Sheridan Oil Co. v. Superior Court of Creek Co., 183 Okla. 372, 82 P.2d 832. We conclude that the purpose of the statutes under consideration was, as the language of the act indicates, to provide a means of vacating the plat or a portion thereof of any tract of land platted for town or city purposes. Our inquiry, then, is narrowed to a consideration of the included question, Was the land here involved platted

for town or city purposes? In the consideration of this question we must recognize at the outset that the extra-mural location of the land is not a decisive factor, since lands beyond the corporate limits of a city or town may be platted for municipal purposes in contemplation of future growth. In fact, the statute, section 6148, supra, within itself recognizes that land outside the corporate limits may fall within the purview of its operation. In this connection, see Thomas v. Farrier, 179 Okla. 263, 65 P.2d 526; City of Tulsa v. Aaronson, 103 Okla. 159, 229 P. 596.

The defendant in error urges that the failure to subdivide lot No. 26 (which contained about five acres) into smaller subdivisions negatives the idea that it in truth and in fact was platted for city purposes. We do not think that such failure was sufficient to negative the purpose of the plat as indicated by the designation thereof taken in conjunction with the proximity of the platted property to the city of McAlester. We therefore conclude that the district court has jurisdiction to vacate the plat or such portion thereof as may be justified upon consideration of the rights of the respective parties owning property in other portions thereof.

The defendant in error urges that by virtue of section 6141, O. S. 1931, the dedication of the plat vests such a title to the highway or streets in the public that the same cannot be divested under the power to vacate the plat or a portion thereof. The contention is contrary to our holding in Oklahoma City v. Kelsey, 160 Okla. 48, 15 P.2d 816; Bohnsack v. Ponca City Dev. Co., 167 Okla. 177, 29 P.2d 61.

This cause is reversed and remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, HURST, and DANNER, JJ., concur.