TOWN OF REYDON, et al., Appellant,

v.

Robert G. ANDERSON a/k/a R. G. Anderson, Appellee.

Robert G. ANDERSON, a/k/a R. G. Anderson, Appellee,

v.

HBOP, LTD., a limited partnership, The Town of Reydon, Oklahoma, and Apache Corporation, a foreign corporation, Appellants.

Nos. 54188, 54185.

Supreme Court of Oklahoma.

July 27, 1982.

Dorothy Alexander, Reydon, for appellant Town of Reydon.

Smith & Wright by Gale F. Smith, Cheyenne, for appellee Robert G. Anderson.

Musser, Bunch & Gist by Doyle G. Bunch, Oklahoma City, for appellant HBOP, Ltd.

HODGES, Justice.

This appeal concerns an action which was brought to quiet title and determine the ownership of the oil, gas, and other minerals which underly the streets and alleys of the town of Reydon, Oklahoma. The dispositive question on appeal is whether mineral ownership is vested in the city or the abutting landowners.

On May 16, 1929, Nelson W. Willard executed an untitled instrument which purported to donate and dedicate a tract of land for public use as streets and alleys according to the accompanying plat.[1] Thereafter, Block One, except for Lot Seven of the original plat, and all of Blocks Thirteen and Sixteen of the plat of the First Addition to the town of Reydon were conveyed to Independent School District No. I–6 of Roger Mills County, Oklahoma. The Reydon Board of Trustees executed an oil and gas lease to J. Cooper West, including all the streets and alleys. The working interest was assigned to HBOP, Ltd., which assigned its interest to Apache Corporation with reservation of only an overriding royalty interest until payout of the well. Subsequently, the School District entered into an oil and gas lease with Robert G. Anderson which involved the same property. The streets and alleys are located in an established spacing unit where a producing well has been drilled. The proceeds from production are being held in suspense pending the result of this litigation.

Robert G. Anderson filed a quiet title suit to determine the ownership of the oil, gas and other minerals underlying the streets and alleys. The parties agreed that the cause did not involve any questions of fact and that the only issue to be resolved was a question of law, i.e., whether the dedication of a plat to the Town of Reydon on April 16, 1929, by Nelson W. Willard, which used the verbage "to donate and dedicate the streets and alleys to public use," conveyed an easement or a fee. The court held that an easement was conveyed based on the rule at common law which is codified by 69 O.S. 1981 § 1202,[2] that an owner of land is

---

1. "I, Nelson W. Willard, the undersigned, hereby certify that I am the owner of certain lands situated and being in the County of Roger Mills, State of Oklahoma, and described as part of the South Half (S ½) of the Southwest Quarter (SW ¼) of Section Twenty-five (25) and the North Half (N ½) of the Northwest Quarter (NW ¼) of Section Thirty-six (36), all in Township Fourteen (14), Range Twenty-six West, and being desirous of platting the same into lots and blocks, streets and alleys, so as to cause a town to be built thereon and to enable me to convey parts thereof by reference to lot and block numbers, have caused the same to be surveyed, mapped and platted as per the annexed map and plat of the town of REYDON, intending thereby, hereby and by the filing hereof, and the sale of lots with reference to such map and plat, to donate and dedicate the streets and alleys to public use. . . ."

2. It is provided by 69 O.S.1981 § 1202 that:

presumed to own to the center of the roadway, and the latter part of 11 O.S. 1981 § 41–109; and the decision of this Court in *Board of Trustees of Town of Taloga v. Hadson Oil Co.*, 574 P.2d 1038 (Okl.1978). The Court determined that the minerals were owned by the abutting landowners of the streets and alleys to the center thereof and quieted title to Anderson's lease for oil, gas and other minerals in and under the alleys of the town. HBOP, Ltd. and the Town of Reydon appealed and the appeals were consolidated.

The Town of Reydon and HBOP, Ltd. contend that the instruments conveyed a fee simple title to the town and as a result HBOP, Ltd. is the owner of an overriding royalty interest pursuant to a valid and subsisting oil and gas lease. Apache Corporation argues that it is a neutral party and, although its economic interest would be furthered by a decision in favor of the town, Apache agrees with the trial court's decision. Anderson counters that the minerals are owned by the abutting landowners.

I

The common law rule that dedication of streets and alleys to a public use resulted in retention of the fee by the grantor was

recognized in *Barclay v. Howell*, 6 Pet. 498, 510, 31 U.S. 498, 510, 8 L.Ed. 477, 482 (1832); the United States Supreme Court said:

"By the common law the fee in the soil remains in the original owner where a public road is established over it; but the use of the road is in the public. The owner parts with this use only, for if the road should be vacated by the public, he resumes the exclusive possession of the ground; and while it is used as a highway, he is entitled to the timber and grass which may grow upon the surface, and to all minerals which may be found below it. . . ."

 In a common law dedication, an easement only in lands designated for public use is conveyed by the dedication; a statutory dedication may result in conveyance of the fee. Statutory dedication of lands for streets vests the fee to the property in the municipality as long as the property is devoted to public use. The municipality acquires a determinable fee which reverts to abutting lot owner when the street is vacated.[3]

 The interest conveyed by 11 O.S. Supp.1978 § 41–109[4] depends on whether

"An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."

3. *Piper v. Reder*, 44 Ill.App.2d 431, 195 N.E.2d 224, 226 (Ill.App.1964); See also 11 O.S.Supp. 1978 § 42-109(C).

4. The Statute, 11 O.S.1941 § 515 cited in the *Langston* case provided:
"... When the plat or map shall have been made out and certified, acknowledged and recorded as required by this Article, every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on said plat or map, shall be deemed in law and equity a sufficient conveyance to vest the fee-simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs or representatives, to said donee or donees, grantee or grantees, for his, her or their use for the uses and purposes therein named, expressed and intended, and no other use and purpose whatever; and the land intended to be

used for the streets, alleys, ways, commons or other public uses in any town or city or addition thereto shall be held in the corporate name thereof in trust to and for the use and purposes set forth and expressed and intended."
The current successor to O.S.1921 § 4474 and 11 O.S.1941 § 515 is 11 O.S.Supp.1978 § 41–109. It states:
"When the plat or map has been completed and certified, acknowledged, approved and recorded as required by Sections 41–104 through 41–108 of this title, every donation or grant to the public, or to any individual, any religious society, or to any corporation or body politic, marked or noted as such on the plat or map, shall be deemed in law and equity a sufficient conveyance to best the fee simple of the tract or parcel of land as expressed in the plat or map. Such conveyance shall be considered for all intents and purposes a general warranty against the donor, his heirs or representatives, to the donee or grantee, for his use for the uses and purposes named in the plat or map, expressed and intended, and no other use and purpose whatever. The land intended to be used for the streets, alleys, ways, commons or

property dedicated by means of a plat is donated or granted or merely dedicated. In *Langston City v. Gustin*, 191 Okla. 93, 127 P.2d 197, 200 (1942), this Court held "(t)hat with reference to quality of interest or title conveyed the statute places property dedicated by means of a plat in two general classes, depending upon the language used in connection with its dedication." In the first class, the Court placed property comprehended by that portion of the statute preceding the semicolon and marked as a "donation" or "grant". The second class includes property encompassed by that portion of Section 515 succeeding the semicolon and which is not "granted" or "donated" but merely "dedicated". The Court stated:

"As to the first class a qualified fee simple title (sometimes referred to as a base fee) is conveyed and the dedicator divests himself and his heirs of all further interest in the property. The qualification of the fee merely enables any person properly interested to enforce the continued use of the property for the purpose for which it was donated or granted or prevents its use for other purposes, at least so long as it is suitable for the designated use."

Recently in *Taloga* the Court discussed the construction placed on the statute by *Langston* and determined that: 1) "Donated for Cemetery" marked on a plat was held to convey a fee simple title to the city based on the premise that public purpose had not been abandoned by the city and on the fact the word "donated" or "granted" was used; and 2) the last phrase of the statute dealing with streets and alleys, conveys an easement only, with the fee remaining in the dedicator and passing to his successors.

■ Generally, if a dedication is made for a specific use or defined purpose, the municipality lacks the ·power to use the property for any purpose other than the one designated, regardless of whether the dedication is a common law or statutory dedication. Land dedicated by a private owner for a specific purpose can be used only for the purpose intended.[5]

■ Appellant asserts that the words donate and dedicate convey a fee simple title to the town. We are not persuaded by this argument for three reasons: 1) Under Oklahoma law a town ordinarily does not own fee simple title to the streets therein, rather it is reposed in the abutting property owners, 2) although the ownership of streets and alleys to the center thereof is a rebuttable presumption pursuant to 69 O.S. 1981 § 1202, the town has not rebutted the presumption, and 3) apparently the plat is not marked with the word donated or granted [it is not in evidence].

We are persuaded by the reasoning of the Washington Supreme Court[6] in *Miller v. County of King*, 59 Wash.2d 601, 369 P.2d 304, 306 (Wash.1962) wherein it said:

"... We are not here concerned with the meaning of the words ["donate, grant and dedicate"] but rather, with the intent of the donors when the words were used. To hold that the words of the donors constituted a conveyance such as a quit claim deed, would vest title to the street in the county for any purpose for which it might elect to use it. Such a construction could defeat the very purpose for which the donors made the dedication or grant."

Based on its decisions in *Langston City* and *Taloga*, this Court has divided 11 O.S. 1981 § 41–109 into two distinct parts: the first portion pertains to titles to lots and blocks which are donated and granted; the second involves land intended to be used for streets and alleys which conveys an ease-

other public uses in any municipality or addition thereto shall be held in the municipality's corporate name in trust to and for the use and purposes set forth and expressed or intended."

5. *Green v. City of Norman*, 455 P.2d 58, 60 (Okl.1969); *Schien v. City of Virden*, 5 Ill.2d 494, 126 N.E.2d 201, 203 (1955); *Hyland v. City of Eugene*, 179 Or. 567, 173 P.2d 464, 466 (1946); *Patrick v. Blake*, 19 N.W.2d 220, 223

(1945); *Board of Com'rs. of Oklahoma County v. Young*, 186 Okl. 182, 97 P.2d 6, 10 (1939); *State v. City of Manhatten*, 115 Kan. 794, 225 P. 85 (1924).

6. The Washington statute 1889–90 Ch. 19 § 32 p. 603 provided that every donation or grant was tantamount to a quit claim deed.

ment with the fee remaining in the dedicator and passing to his successors. We find that the dedication of the plat created an easement for public use to the streets and alleys and the fee simple title was vested in the abutting landowners burdened only by an easement.

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, HARGRAVE, OPALA and WILSON, JJ., concur.