2011 OK CIV APP 97

**Deyo PADDYAKER and Donna Paddyaker, individuals, Plaintiffs/Appellants,**

v.

**Juanita GRIFFITH and Newcastle Public Works Authority, Defendants/Appellees.**

No. 108,276.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 29, 2011.

Rehearing Denied June 24, 2011.

L. Mark Walker, Reagan Bradford, Crowe & Dunlevy, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Michael D. McMahan, Eugene Bertman, Rubenstein, McCormick & Pitts, P.L.L.C., Edmond, Oklahoma, for Defendant/Appellee, Juanita Griffith.

Teddy Wayne Haxel, Purcell, Oklahoma, for Defendant/Appellee, Newcastle Public Works Authority.

BAY MITCHELL, Presiding Judge.

¶ 1 Deyo Paddyaker and Donna Paddyaker, Plaintiffs/Appellants ("Paddyakers"), appeal an order dismissing their case pursuant to 12 O.S.2001 § 2012(B)(1) for lack of subject matter jurisdiction and on the applicable statute of limitations.

¶ 2 The Paddyakers allege Defendant/Appellee Griffith in 1987 wrongfully conveyed to the Newcastle Public Works Authority (Authority) water and easement rights belonging to the Paddyakers.[1] Paddyakers seek to quiet title to the 75 acres they own from which the water rights were conveyed. They also seek damages for conversion of the water and unjust enrichment for the water wrongfully taken. Griffith and Authority challenged the jurisdiction of the district court to consider this case on the basis that the Oklahoma Water Resources Board ("The Board") in 1987 granted a groundwater permit to the Authority to which Paddyakers neither objected nor appealed. Griffith and the Authority contend the permit is a determination that Griffith owns the water rights associated therewith, that the determination is final and cannot be challenged by the Paddyakers. Paddyakers characterize this dispute as a quiet title action as distinguished from a groundwater rights challenge, and additionally contend there was no determination of title to the property at the time of issuance of the groundwater permit in 1987. Paddyakers claim this to be their property and attached to their Petition copies of deeds purporting to establish their ownership. Paddyakers further contend the trial court has exclusive jurisdiction to make a first instance determination of title.

¶ 3 "When reviewing a trial court's dismissal of an action an appellate court examines the issues *de novo.*" *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 4, 230 P.3d 853, 855–56 (footnote omitted). "The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim." *Id.*

¶ 4 The record reflects that in 1987, as part of Authority's Application to the Water Resources Board, Paddyakers were identified as "adjacent land owners" to Griffith and were sent a notice by certified mail of the Authority's intent to use groundwater.[2] Additionally, notice of the application was published twice in a local newspaper in the summer of 1987. Despite such notice, the

---

1. Griffith and the Authority executed a *Water Rights Agreement* on March 27, 1987 in which Griffith conveyed water rights to Authority and granted Authority a permanent easement for purposes of drilling water wells. The agreement and easement states Griffith "is the owner of" and covers the following described real property: "That part of the SE/4 of Section 20–10N–4W, McClain County, Oklahoma lying South of the center line of the South Canadian River and the E/2 of Section 29–10N–4W, McClain County, Oklahoma." The agreement also contains the following at ¶ 8:
OWNER [Griffith] hereby covenants and warrants that at the time of delivery of this instrument they are the owners of the above described real property in fee simple and that so [*sic*] they will defend the same unto PURCHASER, its offi-

cers, agents, contractors, and employees for the purposes aforesaid.
In April 1987, the Authority applied to the Oklahoma Water Resources Board for the permit which was granted on July 15, 1987 allowing Authority to use no more than two acre-feet of water per year per acre of land.

2. The Motion to Dismiss is supported by the June 10, 1987 affidavit of an Authority employee, which attests to his notification by certified mail "all immediately adjacent landowners of my intention to use groundwater under my groundwater application number 87–527, McClain County." Deyo and Donna Paddyaker are specifically identified as adjacent land owners in a document submitted with the Authority's 1987 application.

Paddyakers remained silent until the filing of this action in 2009 wherein they seek to establish/defend their title to the subject property including the water rights therewith.

¶ 5 Griffith and the Authority argue Paddyakers' case is a thinly veiled attempt to collaterally challenge a 1987 order of an administration agency that was ignored at the time; that this attempt is barred by Paddyakers' failure, pursuant to the Oklahoma Administrative Procedures Act, to appeal the Board's final order within 30 days of receiving notice of that order. 75 O.S.2001 § 318(B)(2). They point out that the timely filing of petition for review in the district court of an adverse administrative decision pursuant to § 318 is jurisdictional and "if an appeal is brought untimely, the court has no power to decide the case." *Conoco, Inc. v. State Dep't of Health*, 1982 OK 94, 651 P.2d 125, 128.

¶ 6 Clearly, the Agreement (also referred to by the parties as a lease) was presented to the Board as part of Authority's Application and it unequivocally depicts Griffith's warranty of ownership. The record fails to disclose what evidence, if any, Griffith presented in support of her claim of ownership at the time she executed the Agreement. There apparently was no objection raised to Griffith's proof of ownership, if any, in the 1987 proceedings.[3] Because there was no objection raised and therefore no evidence offered in challenge to Griffith's warranty of title, there was no actual determination of title in that proceeding, but rather, consideration and acceptance of uncontradicted proof of Griffith's ownership.

¶ 7 The Water Resources Board is not the arbiter of private property disputes, although it has exclusive authority to regulate groundwater use and issue permits allowing its withdrawal. *See Ricks Exploration Co. v. Oklahoma Water Resources Bd.*, 1984 OK 73, 695 P.2d 498, 501. "[T]he adjudication of title to real property has long been within the purview of the [district] court's original jurisdiction." *Red Rock Pe-*

*troleum Co., Inc. v. City of Choctaw*, 1984 OK CIV APP 45, 689 P.2d 1286, 1287; *see Samson Resources Co. v. Oklahoma Corp. Comm'n*, 1993 OK CIV APP 67, 859 P.2d 1118, 1120 (holding the Corporation Commission is a body of limited jurisdiction and does not have jurisdiction to determine title in vested property interests). Insomuch as the district court clearly is vested with authority to render a first-instance adjudication of title to the subject property, the trial court erred in its dismissal of the matter for lack of subject matter jurisdiction.

¶ 8 The trial court additionally dismissed the action on the basis that it was barred by "the applicable statute of limitations." However, we note that statutes of limitation are inapplicable in quiet title actions because of the equitable character of the action. *Hester v. Watts*, 1950 OK 131, 218 P.2d 641; *see Alfrey v. Richardson*, 1951 OK 133, ¶ 0, 231 P.2d 363, 364 (Syllabus by the Court, ¶ 4) (providing "in an action to quiet title where the plaintiff has been in continuous possession of the property, claiming an equitable title therein, may be maintained at any time while in possession, and no statute of limitation will bar such action."); *see also Sullivan v. Buckhorn Ranch Partnership*, 2005 OK 41, ¶ 34, 119 P.3d 192, 194 (holding in a quiet title action in which statute of limitations defense was raised, genuine issues of material fact concerning the application of equitable defenses precluded summary judgment). Pursuant to these authorities, we find the trial court erred in its determination that Paddyakers' quiet title action was barred by the statute of limitations.

¶ 9 Paddyakers also seek damages for conversion and unjust enrichment. Whereas the quiet title action is not barred by limitations, the same cannot be said for the conversion and unjust enrichment claims. Ordinarily, and assuming these are not intentional torts, these claims are subject to the two-year limitations period of 12 O.S. 2001 § 95(A)(3). Appellees argue that even

3. Title 82 O.S. Supp.2009 § 1020.9(A)(1)(a) provides in pertinent part:
   "Before the Oklahoma Water Resources Board takes final action on an application, the Board shall determine from the evidence presented,

from the hydrologic surveys or reports and from other relevant data available to the Board and applicant, whether: a. the lands owned or leased by the applicant overlie a fresh groundwater basin or subbasin...."

if the shorter limitations period does not apply, and the claims are considered "actions for the recovery of real property" they would still be barred by the fifteen-year period of limitations of 12 O.S.2001 § 93(4). We agree that uncontroverted evidence establishes the conversion and unjust enrichment claims are barred by the statute of limitations.[4]

¶ 10 Our *de novo* review of the record supports the trial court's dismissal of Padd-yakers' unjust enrichment and conversion claims on the basis of the running of the statute of limitations. However, the trial court erred in its determination that it was without subject matter jurisdiction over this quiet title action and in its dismissal of same. Thus, the April 5, 2010 Judgment Sustaining Motion to Dismiss is AFFIRMED IN PART, REVERSED IN PART AND this case is REMANDED for further proceedings consistent herewith.

JOPLIN, J., and BUETTNER, J., concur.

---

**4.** Although the statute of limitations challenge is raised by a motion to dismiss, because of the evidentiary materials filed with and supporting the motion, we treat it as a motion for summary judgment subject to *de novo* review.