SUBURBAN REALTY CO. v. CANTLEY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SUBURBAN REALTY CO. v. CANTLEY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SUBURBAN REALTY CO. v. CANTLEY
2021 OK CIV APP 23
Case Number: 118349; Comp. w/118948
Decided: 05/27/2021
Mandate Issued: 06/30/2021
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2021 OK CIV APP 23, __ P.3d __

 

In the Matter of the Application of SUBURBAN REALTY CO., INC., for the vacation of Lot Use Restrictions contained in Paragraph D.1. of the Plat & Deed of Dedication for Country Crossing, an Addition to the City of Bixby, in part of the Northeast Quarter of Section 36, Township 18 North, Range 13 East, of the Indian Base and Meridian, Tulsa County, State of Oklahoma, according to the U.S. Government Survey thereof, Appellee,
v.
PAMELA CANTLEY, DOUGLAS RAINWATER, JASON KNAPP, DONALD L. MOREHOUSE, SUSAN C. MOREHOUSE, LYLE ARBUCKLE and DONNIE CALHOUN, Appellants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE JEFFERSON D. SELLERS, TRIAL JUDGE

AFFIRMED

Larry D. Leonard, J. Schaad Titus, TITUS HILLIS REYNOLDS LOVE, P.C., Tulsa, Oklahoma, for Appellee

Stephen P. Gray, STEPHEN P. GRAY & ASSOCIATES, Broken Arrow, Oklahoma, and
Mickey K. Leslie, LESLIE & ASSOCIATES, PLLC, Tulsa, Oklahoma, for Appellants

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Homeowners Pamela Cantley, Douglas Rainwater, Jason Knapp, Donald J. Morehouse, Susan C. Morehouse, Lyle Arbuckle, and Donnie Calhoun appeal a judgment in favor of Suburban Realty Co., Inc. Suburban counter-appeals that part of the same judgment denying Suburban's alternative claim to vacate a portion of a Plat. The Pretrial Order listed additional homeowners as trial participants, but Homeowners listed above are the only members of that group shown as parties to this appeal.

BACKGROUND

¶2 The present dispute centers on whether a mistake was made in a filed Plat and Deed of Dedication, and, if so, is there a proper means to correct the mistake. Homeowners also assert that Suburban's action is barred by the statute of limitations among other affirmative defenses. The evidence presented in the non-jury trial consisted of stipulations, testimony and documents.

¶3 Mr. and Mrs. L. C. Neel owned a tract of land which they caused to be platted in 1966 as Southwood Extended Addition. This Plat established residential lots, except Block 9, a single commercial lot on the northeast corner of the tract. The Deed of Dedication exempted Block 9 from the residential restrictions.

¶4 In 1989, this Addition was re-platted as the Country Crossing Addition to the City of Bixby, Oklahoma. The Country Crossing Plat maintained Lot 1, Block 9, consisting of just under two acres, established in the former Plat. The Plat's residential lots are generally of uniform size and smaller than Lot 1. Lot 1, Block 9's zoning designation on the Plat is CS or "commercial shopping," and this CS zoning preceded the filing of the new Plat.

¶5 During the past few years, Lot 1, Block 9 has been used for commercial purposes to sell fireworks and as a staging area for intersection improvements. At one time, the Neels posted a large "for sale" sign on the property and the sign noted the commercial zoning.

¶6 Lot 1, Block 9 is a corner lot abutting two arterial streets meeting at an improved four-lane intersection. In the absence of a special exception from the City of Bixby, local regulations prohibit use of Lot 1, Block 9 for residential purposes because ingress and egress would be to these arterial streets. There is no access to Lot 1 from the residential lots abutting it. The tract is fenced on the residential sides. No residential block in the addition contains only a single lot.

¶7 The Neels formed Suburban Realty Co., Inc., and were its sole stockholders. They conveyed the real estate comprising Country Crossing Addition to the corporation. Before her demise, Mrs. Neel transferred her shares to Mr. Neel and he then transferred all of the Suburban shares to his trust.

¶8 Suburban entered into a contract to sell Lot 1, Block 9 for $1,000,000 to a purchaser planning to use the property for a convenience store. A title requirement was imposed after a title examination disclosed that paragraph D.1. of the Deed of Dedication for Country Crossing Addition provides:

D.1. No lot shall be used for business or professional purposes of any kind or for any commercial or manufacturing purpose.[1]

¶9 To satisfy the title requirement, Suburban filed this action and asked the trial court to reform the Deed of Dedication to insert "residential" before "lot" in paragraph D.1. Suburban also amended its petition seeking to vacate the Plat as to Lot 1, Block 9.

¶10 At trial, the surveyor of the Plat testified that the intent was to preserve Lot 1, Block 9 as a commercial tract. The Plat design would have to be changed to accommodate a residential designation for the tract. The Neels' daughter is Mr. Neel's trustee, and she has been involved with the subdivision. In summary, she testified that the all-inclusive language in paragraph D.1. is a mistake and that Lot 1, Block 9 was always intended as a commercial tract. She also provided the information and documentation showing that Lot 1 has always been zoned commercial and used commercially for a fireworks vendor's sales location. Taxes have been assessed and paid based on the commercial zoning. The use of the tract and its zoning had not been an issue with any homeowners in the past. The tract's value would be substantially diminished assuming that a special exception permitted residential use; otherwise, the tract would have little value and the pending sale would not be closed.

¶11 Homeowners testified to the adverse effects of the proposed commercial use of the tract, but they did not have a specific dollar reduction in the home values attributed to the proposed use. Some of the Homeowners had read the covenants and restrictions when they purchased their property, some had not, and others had seen but not read the covenants and restrictions.

¶12 Suburban relies on specific statutes as authority to reform the Deed of Dedication or vacate the Plat as to Lot 1, Block 9: 11 O.S.2011 §§ 41-111 to 114, 42-101(2), and 42-102.[2] And, Suburban cites general contract law regarding correction of mistakes and recognition of intent. Suburban further asserts that Homeowners had waived or were estopped from asserting that the restriction should remain as written because they had taken no action in the past to enforce the covenants and restrictions.

¶13 Homeowners argue that the only way to amend the restrictive covenants is prescribed in 11 O.S.2011 § 42-106.1, which requires approval by 60% of the owners in the platted area. Suburban did not follow this procedure. They also maintain that 11 O.S.2011 § 42-106[3] provides the only way to vacate a plat and Suburban did not follow this process. Last, Homeowners argue that Suburban had actual and constructive notice of the Plat and Deed of Dedication wording at issue, and the statute of limitations bars the action. Homeowners contend the statute of limitations began to run when the Plat and Deed of Dedication were filed in 1989. Homeowners raise the additional defenses of laches, estoppel and detrimental reliance.

¶14 The trial court found that a mistake had been made by using the all-inclusive language in paragraph D.1. in the Deed of Dedication. The trial court reformed the Deed of Dedication by inserting the word "residential" so that the sentence reads:

D.1. No residential lot shall be used for business or professional purposes of any kind or for any commercial or manufacturing purpose.

Homeowners appeal this decision. The trial court denied Suburban's request to vacate the Plat as to Lot 1, Block 9. Suburban counter-appeals that decision. However, Suburban is satisfied with the reformed language and states that its appeal "may be" moot if the decision reforming the Deed of Dedication is affirmed.[4]

STANDARD OF REVIEW

¶15 "An action to reform a deed is equitable, and in the case of a mutual mistake of fact, equity will correct the mistake." Pangaea Expl. Corp. v. Ryland, 2007 OK CIV APP 106, ¶ 10, 173 P.3d 108. "'In a case of equitable cognizance, a judgment will be sustained on appeal unless it is found to be against the clear weight of the evidence or is contrary to law or established principles of equity.'" Laubenstein v. Bode Tower, L.L.C., 2016 OK 118, ¶ 9, 392 P.3d 706 (quoting McGinnity v. Kirk, 2015 OK 73, ¶ 8, 362 P.3d 186). 

¶16 "Whether a contract is ambiguous and hence requires extrinsic evidence to" clear up the ambiguity "is a question of law for the courts." Pitco Prod. Co. v. Chaparral Energy, Inc., 2003 OK 5, ¶ 12, 63 P.3d 541. "Although limitation issues may involve mixed questions of law and fact, they are ordinarily reviewed in this Court as questions of law." Calvert v. Swinford, 2016 OK 100, ¶ 19, 382 P.3d 1028. Questions of law are reviewed de novo. Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081.

ANALYSIS

¶17 This Court agrees with the trial court's finding that a mistake was clearly made in paragraph D.1. by use of the all-inclusive language. This conclusion is evident not only from the testimony, but also from the Plat and Deed of Dedication. When they are considered together, as they must,[5] it is clear that Lot 1, Block 9 is not a residential lot and was never intended as such. The D.1. limitation on all lots makes no sense when the Plat is examined; it does show Lot 1, Block 9 to be a tract segregated from the residential tracts and zoned CS, with an actual configuration consistent with the Plat. On-the-ground inspection shows Lot 1, Block 9 is segregated from and varies greatly from the remaining residential tract as to size and configuration. The pre-existing CS designation and Lot 1's location on the arterial streets' intersection will either preclude residential use or require regulatory approval for residential use.

¶18 Considering the Plat and Deed of Dedication together creates ambiguity because two inconsistent results are possible for Lot 1, Block 9. Haworth v. Jantzen, 2006 OK 35, ¶ 13, 172 P.3d 193 ("[C]ontract is ambiguous only if it is susceptible to two constructions on its face from the standpoint of a reasonably prudent layperson."). If the two documents are viewed independently, the ambiguity is latent, but it becomes apparent when they are considered together in light of the transaction involved here. See Ryan v. Ryan, 2003 OK CIV APP 86, ¶ 14, 78 P.3d 961. The presence of ambiguity requires the court to resolve its meaning by determining what was intended.

¶19 This brings us to Homeowners' first issue. The platting process is governed by statutes which allow amendments. Homeowners argue that there is only one way to amend the Deed of Dedication's covenants and restrictions--by obtaining the approval of 60% of the homeowners--11 O.S.2011 § 42-106.1.

¶20 Section 42-106.1, however, addresses amendments to restrictive covenants. An amendment is a revision, alteration, or change to the original instrument. Reformation is not a revision, alteration, or change. See Oklahoma Oncology & Hematology, P.C. v. US Oncology, Inc., 2007 OK 12, ¶ 29 & n. 22, 160 P.3d 936 (distinguishing an action for reformation and a request to amend the agreement). Reformation does not change or amend the agreement. Dennis v. American-First Title & Trust Co., 1965 OK 129, ¶ 14, 405 P.2d 993 ("'Relief, by way of reformation of written instruments which may be had under proper circumstances in a court of equity is limited to making the writing speak the former agreement of the parties, and the court cannot make a new or different contract for the parties.'")(emphasis added)(quoting Tuloma Pipe & Supply Co. v. Townsend, 1938 OK 151, ¶ 0, 77 P.2d 535)(syl. no. 2 by the Court). There must exist a "preliminary agreement, a prior contract, either written or verbal, by which to make the rectification, or to which the instrument can be conformed." Dennis, 1965 OK 129, ¶ 13 (quoted citation omitted).

Mutual mistake is pertinent to the remedy of reformation. Reformation is a remedy to "conform a written contract to the parties' antecedent agreement" when the written contract "differs from the antecedent expressions on which the parties based their agreement."

Amundsen v. Wright, 2010 OK CIV APP 75, ¶ 11, 240 P.3d 16 (quoting Oklahoma Oncology & Hematology, P.C., 2007 OK 12, n. 22).

¶21 This Court holds that § 42-106.1 does not apply to this action to reform paragraph D.1. of the Plat and Deed of Dedication. There is a pre-existing, antecedent contract whose language does not conform to the intent and understanding as to the commercial designation of Lot 1, Block 9. Just as the trial court concluded, the all-inclusive language in paragraph D.1. above is a mistake, and the requisites for application of the remedy of reformation are present.[6]

¶22 Next, Homeowners maintain that Suburban's action is barred by the statute of limitations because the Plat and Deed of Dedication with paragraph D.1. date back to 1989 when they were recorded.[7] The Oklahoma Supreme Court has said that the five-year statute of limitations applies to actions for reformation of contract. See generally, Maloy v. Smith, 1959 OK 69, 341 P.2d 912.

¶23 As a general rule, as announced by the Oklahoma Supreme Court, a reformation action is subject to the statute of limitations. The Court has qualified this ruling, however. "The statute of limitation[s] cannot be pleaded as a defense to an action for reformation of a deed for mistake, if the party proceeding has been in continual, peaceable, and uninterrupted possession of the premises since the time of the execution of the instrument. The statute of limitations is no defense to an action by a grantee in possession of real estate to have his deed reformed before his possession is disputed." Hoskins v. Stites, 1938 OK 259, ¶ 0, 78 P.2d 413 (syl. nos. 2, 3 by the Court).

¶24 In Hoskins, the plaintiff asked for reformation of a deed based on mistake. The action was filed more than five years after taking possession. The Court stated and applied this qualified ruling.

¶25 Hoskins is discussed and distinguished in Maloy. The Court cited the holding in Hoskins and observed that the "rationale of the rule that the statute does not run against one in possession is that if one is asserting peaceable dominion over and obtaining the benefit from that which he claims he acquired by the conveyance in question, he is entitled to assume that the other party to the instrument is acquiescing in his claim." Maloy, 1959 OK 69, ¶ 12. However, Hoskins was not applied because in Maloy the party seeking reformation was not in possession.

¶26 Homeowners rely on Calvert v. Swinford, 2016 OK 100, 382 P.3d 1028, and its ruling that the statute of limitations begins to run when a deed is filed. In Calvert, the plaintiffs executed and delivered a deed which did not reserve a mineral interest as provided in the sales contract. The plaintiffs sued the entity handling the closing of the transaction for negligence, but filed the action after the negligence limitation period expired. The action did not seek reformation and plaintiffs had not been in possession of the claimed mineral interest. Calvert does not apply here.

¶27 The present facts are uncontroverted. No fraud is involved. The facts show that Suburban and its predecessors in title have been in peaceable possession of Lot 1, Block 9 since the Plat and Deed of Dedication were filed. The covenants and restrictions are part of their deed explicitly or by implication. As to Lot 1, Block 9, there have been no hostile actions filed to enforce paragraph D.1., even though Suburban has used the tract for commercial purposes and posted a sign openly advertising it for sale as commercial property.[8]

¶28 Based on the facts and circumstances of this case, we find Hoskins to be the controlling authority. The statute of limitations provides no defense for Homeowners to Suburban's action to reform the Deed of Dedication.

¶29 Homeowners add detrimental reliance, laches and waiver to their arguments. Detrimental reliance requires both detriment and justifiable reliance. See generally, Schulte v. Apache Corp., 1995 OK 148, 949 P.2d 291. The evidence does not show specific detriment, but only a claimed generalized detriment of traffic, noise, and similar considerations. Homeowners' brief in chief does not identify any specific monetary or non-monetary detriment.

¶30 Homeowners have also not demonstrated that any reliance made on actual or constructive notice of the covenants and restrictions is justifiable in the context of this case. The all-inclusive language in paragraph D.1. is clearly a mistake as our analysis concludes. Any examination of the Plat and the physical property of Lot 1, Block 9 shows the tract is not residential, but in fact commercial. The element of justifiable reliance is absent.

¶31 Homeowners' argument to invoke laches is that in the Plat's 30-year existence, no action was taken to reform paragraph D.1. In Sullivan v. Buckhorn Ranch Partnership, 2005 OK 41, ¶¶ 32, 33, 119 P.3d 192 (footnotes omitted), the Oklahoma Supreme Court held:

Laches is an equitable defense to stale claims. There is no arbitrary rule for when a claim becomes stale or what delay is excusable. Application of the doctrine is discretionary depending on the facts and circumstances of each case as justice requires. As an affirmative defense, the party claiming the doctrine's benefit has the burden of proof.

The party invoking the laches defense must show unreasonable delay coupled with knowledge of the relevant facts resulting in prejudice. Delay is deemed excusable if it is induced or contributed to by the adverse party.

¶32 The rationale, facts and circumstances which precluded application of the statute of limitations also preclude the application of laches. The facts justify the conclusion that Homeowners contributed to the delay by not seeking enforcement of the all-inclusive language when Suburban openly used and advertised the tract as commercial property. Both earlier and contemporaneously, no Homeowner raised any concern about the Plat designation of CS or the physical layout of Lot 1, Block 9 as a segregated tract unlike the residential tracts. We conclude that Homeowners have not demonstrated that the trial court abused its discretion by not invoking laches.

¶33 Further, we are not persuaded that Homeowners have demonstrated with legal authority and specific citations to the record that Suburban has waived any right to seek reformation.

¶34 Homeowners' last argument is that Suburban is not the real party in interest because it was not the party filing the Plat. Homeowners presented no legal authority for the argument, and it will not be considered. Oklahoma Supreme Court Rule 1.11(k), 12 O.S. Supp. 2019, ch. 15, app. 1.

¶35 The judgment of the trial court reforming paragraph D.1. by inserting the word "residential" before "lot" is not against the clear weight of the evidence or contrary to law, nor is its rejection of Homeowners' affirmative defenses. The judgment is affirmed, and Suburban's counter-appeal is moot.

SUMMARY AND CONCLUSION

¶36 In 1989, Suburban's predecessor in title, who beneficially owns all of Suburban's stock, platted the Country Crossing Addition to the City of Bixby, Oklahoma. Lot 1, Block 9 is designated on the Plat as commercial shopping, a commercial use zoning. Lot 1, Block 9 is a tract segregated from the residential lots, situated at the intersection of two arterial streets, and assessed for taxes as a commercial tract. However, paragraph D.1. of the covenants and restrictions in the Deed of Dedication specifies that "no lot" shall be used for commercial purposes.

¶37 Suburban has a contract to sell Lot 1, Block 9 for use as a convenience store. When the all-inclusive language raised a title issue, Suburban filed this action to reform the Deed of Dedication or, in the alternative, to vacate the Plat as to Lot 1, Block 9.

¶38 The trial court was persuaded that the evidence showed a mistake and it reformed the Deed of Dedication by inserting the word "residential" before the word "lot" in the Deed's paragraph D.1. Rather than altering the original intent, this reformation conforms the Deed of Dedication to the original intent and corrected the mistake. The trial court also denied Suburban's request to vacate that part of the Plat.

¶39 We conclude that (1) the reformation action and remedy are not barred by the statute of limitations; (2) the reformation is not an amendment to the Deed of Dedication and 11 O.S.2011 § 42-106.1, pertaining to amendments, is not applicable; and (3) Suburban's reformation action is not subject to detrimental reliance, laches, or waiver. Based on our affirmance of the trial court's decision on reforming the Deed of Dedication, Suburban's alternative appeal of the trial court's denial of its request to vacate a portion of the Plat is moot.

¶40 The judgment of the trial court reforming the Deed of Dedication to cure a mistake and conform the Deed to its original intent is not against the clear weight of the evidence or contrary to law and is affirmed. Suburban's appeal of the denial of its request to vacate a portion of the Plat is moot.

¶41 AFFIRMED.

BARNES, J., and HIXON, J. (sitting by designation), concur.

 

FOOTNOTES

[1] The Deed of Dedication covenants and paragraph D.1. are part of the Plat document and identified as a Deed of Dedication and Covenants. There is also a separate Deed of Dedication instrument which has the paragraph D.1. Suburban's Ex. 4.

[2] The statutes of interest are the following:

Section 41-112 provides:

The district court in the county in which the property is situated shall have the jurisdiction to correct municipal plats and plats of additions and subdivisions. The owner of any lot within the portion of the plat sought to be corrected may file his petition in the district court to correct the plat, or any portion thereof, when the same has been erroneously made by duplicating lot numbers in any block or incorrectly describing the distances on the plat or when the same is, in any manner, incorrect in description or otherwise. The court may correct the description of property in any conveyance of any lot, where the plat is corrected, which may be necessary for the purpose of making a complete and correct descriptive chain of title to the lot.

Section 41-113 provides:

A. If the object of the petition is to correct one (1) block of the plat, or any portion thereof, the petition shall name as parties defendant the record owners, as of the time of commencing the suit, of all the lots within the block sought to be corrected. The municipality within which the plat is located shall be made a party to the suit if the streets and alleys of the municipality will be affected by the correction.

B. If the object of the petition is to correct a greater portion than one (1) block of the plat, then the petition shall name as parties defendant:

1. The record owners, as of the time of commencing the suit, of the lots within the area sought to be corrected; and

2. The municipality within which the plat is located.

Section 42-101(2) provides:

2. "Vacate" means the termination, by written instrument, as provided in Section 11-42-106 of this title, or judicial act of the district court, of private and/or public rights in a public way, easement or plat and vesting title in real estate in private ownership.

Section 42-102 provides:

A. If the owner of any tract of land platted for municipal purposes, or the owner of any portion of such platted tract, desires to vacate the whole or some part thereof, or desires to vacate a platted street, alley, easement or portion thereof, the owner shall file a verified application setting forth his current address and briefly stating the reason for vacating, in the district court in the county where the land is located.

B. Notwithstanding provisions in subsection A of this section, if the owner of any tract of land platted for municipal purposes for a public way desires to vacate some part thereof and the portion thus vacated would not obstruct the use of the balance of the tract as a street, avenue, alley, lane or thoroughfare open for public use, and which tract after vacation would remain bounded on all sides by land platted for municipal purposes, the owner may file a verified application in the district court in the county where the property is located. The district court is authorized, upon application by such owner and upon showing that previous use of the tract as a street would remain unobstructed, to alter or vacate the platted tract or any part thereof.

C. In cases where a portion of a tract is vacated but remains bounded on all sides by public ways and public grounds, title to the portion vacated shall pass to the municipality or public entity created by the municipality for the purpose of managing, developing, maintaining or leasing, for any lawful purpose, public or private, the tract so vacated. The title to said tract shall remain with the municipality or other public entity until such time as any adjacent tract comprising the public way or street is subsequently vacated and no longer used for a public purpose.

[3] This statute provides:

A. Any plat of a municipality or addition thereto or any subdivision of land may be vacated by the owners thereof at any time before the sale of any lots therein by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated. The executing and recording of the written instrument, bearing the approval or consent of the municipality in which the plat is situated, shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the public ways, commons, and public grounds laid out as described in the plat.

B. Where any lots in the plat sought to be vacated have been sold, the plat or a portion thereof may be vacated as provided in subsection A of this section, provided that the owners of sixty percent (60%) of the lots in the plat and all of the owners in the area to be vacated join in the execution of the written instrument, the instrument bears the approval of the municipality in which the plat is situated, and such action is not prohibited by any restrictive covenants encumbering the lots in [the] plat.

C. Notwithstanding the foregoing provisions, any plat of record in the office of the county clerk in the county in which the real property is situated, for a period of not less than ten (10) years, which bears the approval of the municipality in which the real property is situated, which replats an existing plat, or a portion thereof, shall be deemed a lawful replatting of any plat, or portion thereof, thereby vacating the plat, or a portion thereof, which is replatted.

D. This section shall not be construed as applying to any of the territory included within the limits of any incorporated municipality created and organized under and by virtue of a special act of the Legislature.

[4] Suburban Brief in Chief, p. 36.

[5] One function of the plat is to provide a "map" of the platted property showing streets, easements, and lots and blocks with dimensions. 11 O.S.2011 §§ 41-101, 41-108. One function of the deed of dedication is to convey the streets and public easements to the municipality, although the recorded plat does likewise. 11 O.S.2011 § 41-109.

[6] In addition, we note that 11 O.S.2011 § 41-112 provides the trial court with jurisdiction to correct errors in plats. Although this statute concentrates on correcting description and duplication errors, it does contain the disjunctive phrase "or otherwise." The sentence reads, "The owner of any lot within the portion of the plat sought to be corrected may file his petition in the district court to correct the plat, or any portion thereof, when the same has been erroneously made by duplicating lot numbers in any block or incorrectly describing the distances on the plat or when the same is, in any manner, incorrect in description or otherwise." (Emphasis added.) The disjunctive "or" places the word "otherwise" into a separate category which may be considered general enough to correct a mistake or error other than a description. It is not necessary for this Court to interpret that phrase as general principles of law pertinent to reformation resolve the issue.

[7] It appears that Homeowners maintain that Suburban's action for reformation and action for vacation of a part of the Plat are both time-barred. Suburban cites Stockton v. Board of Commissioners of Pittsburg County, 1938 OK 661, 85 P.2d 403; Oklahoma City v. Kelsey, 1932 OK 708, 15 P.2d 816; Bohnsack v. Ponca City Development Co., 1934 OK 23, 29 P.2d 61; Town of Reydon v. Anderson, 1982 OK 92, 649 P.2d 541; WRT Realty, Inc. v. Boston Investment Group II, L.L.C., 2012 OK CIV APP 82, 287 P.3d 397; and Red Rock Petroleum Co., Inc. v. City of Choctaw, 1984 OK CIV APP 45, 689 P.2d 1286, which all involve a plat vacation or a quiet title action. Here, the analysis pertains to reformation of the Deed of Dedication.

[8] Paragraph D.1., as written, is an apparent cloud on Suburban's title to Lot 1, Block 9. A "cloud on title is any effect which prevents a title from meeting the standard of marketability." Stump v. Cheek, 2007 OK 97, ¶ 15, 179 P.3d 606. Suburban cannot sell the property for commercial use, and its marketability for residential use is questionable due to regulatory restrictions. The Maloy Court also noted that "the right of an owner in possession to remove a cloud from his title is a continuing right and never barred by limitations." Maloy, 1959 OK 69,¶ 9; see Paddyaker v. Griffith, 2011 OK CIV APP 97, ¶ 8, 260 P.3d 1276 ("[S]tatutes of limitation are inapplicable in quiet title actions because of the equitable character of the action."). Although Suburban did not file a quiet title action, the action for reformation had the ultimate legal effect of removing the cloud on the title.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2003 OK CIV APP 86, 78 P.3d 961, RYAN v. RYAN
Discussed
 2007 OK CIV APP 106, 173 P.3d 108, PANGAEA EXPLORATION CORPORATION v. RYLAND
Discussed
 2010 OK CIV APP 75, 240 P.3d 16, AMUNDSEN v. WRIGHT
Discussed
 2011 OK CIV APP 97, 260 P.3d 1276, PADDYAKER v. GRIFFITH
Discussed
 2012 OK CIV APP 82, 287 P.3d 397, WRT REALTY, INC. v. BOSTON INVESTMENT GROUP II, L.L.C.
Discussed
 1984 OK CIV APP 45, 689 P.2d 1286, Red Rock Petroleum Co., Inc. v. City of Choctaw
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 1938 OK 151, 77 P.2d 535, 182 Okla. 321, TULOMA PIPE & SUPPLY CO. v. TOWNSEND
Discussed
 1938 OK 259, 78 P.2d 413, 182 Okla. 455, HOSKINS v. STITES
Discussed
 1938 OK 661, 85 P.2d 403, 184 Okla. 150, STOCKTON v. BOARD OF COM'RS OF PITTSBURG COUNTY
Discussed
 1959 OK 69, 341 P.2d 912, MALOY v. SMITH
Discussed at Length
 1932 OK 708, 15 P.2d 816, 160 Okla. 48, OKLAHOMA CITY v. KELSEY.
Discussed
 1934 OK 23, 29 P.2d 61, 167 Okla. 177, BOHNSACK v. PONCA CITY DEV. CO.
Discussed
 1965 OK 129, 405 P.2d 993, DENNIS v. AMERICAN-FIRST TITLE AND TRUST COMPANY
Discussed at Length
 1995 OK 148, 949 P.2d 291, 65 OBJ 4214, Schulte v. Apache Corp.
Discussed
 2003 OK 5, 63 P.3d 541, PITCO PRODUCTION COMPANY v. CHAPARRAL ENERGY, INC.
Discussed
 2005 OK 41, 119 P.3d 192, SULLIVAN v. BUCKHORN RANCH PARTNERSHIP
Discussed
 2006 OK 35, 172 P.3d 193, HAWORTH v. JANTZEN
Discussed
 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Discussed at Length
 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Discussed
 2015 OK 73, 362 P.3d 186, McGINNITY v. KIRK
Discussed
 2016 OK 100, 382 P.3d 1028, CALVERT v. SWINFORD
Discussed at Length
 2016 OK 118, 392 P.3d 706, LAUBENSTEIN v. BODE TOWER, L.L.C.
Discussed
 1982 OK 92, 649 P.2d 541, Town of Reydon v. Anderson
Discussed
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 41-101, Survey and Plat for Subdivisions or Proposed Municipality
Cited
 11 O.S. 41-109, Donations and Grants Shown on Plat Deemed Conveyances - Title to Streets, Alleys, etc.
Cited
 11 O.S. 41-111, Penalty for Sale of Lots Before Compliance
Cited
 11 O.S. 41-112, Correction of Errors in Plats and Conveyances - Petition to District Court
Cited
 11 O.S. 42-106, Vacation of Plat by Written Agreement of Owners
Discussed
 11 O.S. 42-106.1, Amending Restrictive Covenant
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA